# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Emilee Carpenter, LLC d/b/a Emilee Carpenter Photography** and **Emilee Carpenter**,<br><br>Plaintiffs,<br><br>v.<br><br>**Letitia James**, in her official capacity as Attorney General of New York; **Johnathan J. Smith**, in his official capacity as Interim Commissioner of the New York State Division of Human Rights; and **Weeden Wetmore**, in his official capacity as District Attorney of Chemung County,<br><br>Defendants. | Case No. 6:21-cv-06303<br><br>**Plaintiffs' Preliminary Injunction Motion** |

Consistent with Federal Rule of Civil Procedure 65, Plaintiffs, Emilee Carpenter, LLC and Emilee Carpenter (collectively "Emilee"), request a preliminary injunction to stop Defendants Attorney General Letitia James, Interim Commissioner of the New York State Division of Human Rights Johnathan J. Smith, and District Attorney of Chemung County Weeden Wetmore (collectively "New York"), from violating the First Amendment of the United States Constitution.

Emilee asks that the preliminary injunction enjoin New York, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with New York who receive actual notice of this order from enforcing:

- New York's Accommodations (N.Y. Exec. Law § 296.2(a)) and Discrimination (N.Y. Civ. Rts. Law § 40-c(2)) Clauses to compel Plaintiffs to offer or provide their wedding photography services (photographing, editing, and blogging) for same-sex weddings or engagements;
- New York's Accommodations (N.Y. Exec. Law § 296.2(a)) and Discrimination (N.Y. Civ. Rts. Law § 40-c(2)) Clauses to compel Plaintiffs to provide wedding photography services by participating in events inconsistent with Plaintiffs' beliefs in marriage between one man and one woman, such as participating in same-sex wedding ceremonies;
- New York's Accommodations (N.Y. Exec. Law § 296.2(a)) and Discrimination (N.Y. Civ. Rts. Law § 40-c(2)) Clauses to prevent Plaintiffs from adopting their desired Beliefs and Practices policy (Verified Complaint Exhibit 1);
- New York's Accommodations (N.Y. Exec. Law § 296.2(a)), Discrimination (N.Y. Civ. Rts. Law § 40-c(2)), and Publication (N.Y. Exec. Law § 296.2(a)) Clauses to prevent Plaintiffs from asking prospective clients questions sufficient to determine whether they seek photography services celebrating a same-sex wedding or engagement or from asking materially similar questions; and
- New York's Accommodations (N.Y. Exec. Law § 296.2(a)), Discrimination (N.Y. Civ. Rts. Law § 40-c(2)), and Publication (N.Y. Exec. Law § 296.2(a)) Clauses to prevent Plaintiffs from posting their desired statement (Verified Complaint Exhibit 2) on their website or from making materially similar statements on their website, social media sites, or directly to prospective clients.

Absent a preliminary injunction, Emilee will suffer irreparable harm: the continued violation of her rights guaranteed by the United States Constitution. Emilee is also likely to succeed on the merits, the preliminary injunction serves the public interest, and the balance of the equities favors Emilee. In support of her motion, Emilee relies on any oral argument permitted and on the following documents:

- Plaintiffs' Verified Complaint;
- Plaintiffs' Memorandum of Law in Support of Plaintiffs' Preliminary Injunction Motion;
- Emilee Carpenter's Declaration in Support of Plaintiffs' Preliminary Injunction Motion, dated April 5, 2021;
- Appendix to Emilee Carpenter's Declaration in Support of Plaintiffs' Preliminary Injunction Motion;
- any supplemental declaration in support of Plaintiffs' preliminary injunction motion and related documents; and
- Plaintiffs' reply in support of their preliminary injunction motion (if filed) and supporting documents (if any).

Emilee also asks this Court to waive any bond because this requested injunction serves the public interest by vindicating First Amendment rights and causes no harm to New York. *See Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974) ("district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined").

Emilee also requests oral argument to be heard at a time and date set by the Court.

Respectfully submitted this 6th day of April 2021.

|  |  |
|---|---|
| Raymond J. Dague<br>New York Bar No. 1242254<br>**Dague & Martin, P.C.**<br>4874 Onondaga Road<br>Syracuse, New York 13215<br>(315) 422-2052<br>(315) 474-4334 (facsimile)<br>rjdague@daguelaw.com | By: s/Jonathan A. Scruggs<br><br>Jonathan A. Scruggs<br>Arizona Bar No. 030505<br>Bryan D. Neihart*<br>Arizona Bar No. 035937<br>**Alliance Defending Freedom**<br>15100 N. 90th Street<br>Scottsdale, Arizona 85260<br>(480) 444-0020<br>(480) 444-0028 (facsimile)<br>jscruggs@ADFlegal.org<br>bneihart@ADFlegal.org |

ATTORNEYS FOR PLAINTIFFS

**Pro Hac Vice* Admission Forthcoming

**Certificate of Service**

I hereby certify that on the 6th day of April, 2021, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The foregoing document will be served via private process server with the Summons and Complaint to all defendants.

s/Jonathan A. Scruggs<br>
Jonathan A. Scruggs<br>
*Attorney for Plaintiffs*