UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. 6:21-cv-06303-FPG

**Emilee Carpenter, LLC, d/b/a
Emilee Carpenter Photography**
and **Emilee Carpenter**

Plaintiffs,

vs.

**Letitia James**, in her official capacity
As Attorney General of New York;
**Johnathan J. Smith**, in his official
capacity as Interim Commissioner of
the New York State Division of Human
Rights; and, **Weeden Wetmore**, in his
official capacity as District Attorney of
Chemung County,

Defendants.

**MEMORANDUM OF LAW**
In support of a Dismissal, or in the alternative, Opposing Preliminary Injunction
as to Chemung County District Attorney

County of Chemung Department of Law
Attorneys for Respondent, Weeden Wetmore,
District Attorney of Chemung County
167 Lake Street
Elmira, New York 14902
By: Jeffrey Walker, Esq.

## **Preliminary Statement**

The hundreds of pages submitted on behalf of the Plaintiffs in this matter, respectfully, can be summarized as follows:  Plaintiffs believe their First Amendment rights under the United States Constitution could potentially be infringed upon in a possible future prosecution made under sections of the New York Executive Law or the New York Civil Rights Law, and therefore, plaintiffs seek both a temporary as well as a permanent injunction against the several defendants from *possibly* in the future enforcing those provisions of law against them.

For purposes of this motion filed on behalf of District Attorney Weeden Wetmore, who is being sued in his Official capacity as District Attorney of Chemung County, and upon a thorough review of the hypothetical claims which plaintiffs suggest in their Complaint as against existing case law, we seek a dismissal of the Complaint as to this defendant because none of the scenarios described in or contemplated by the Complaint would be prosecuted by a local district attorney.

Accordingly, this Memorandum of Law is made in support of a motion to dismiss the Complaint entirely as against to District Attorney Wetmore, for failure to state a claim upon which relief can be granted against the moving defendant [See: FRCP 12(b)(6), 12(h)(2)(B)] and /or, for lack of subject matter jurisdiction as to this defendant, because any dispute involving this moving defendant is not ripe for adjudication [See: FRCP 12(b)(1)].

If this relief is not granted, then Defendant Wetmore asks that no preliminary injunction be granted in this matter and that he be given time to file an answer in this case.

## Allegations Against Defendant Wetmore

The allegations in the Verified Complaint concerning Defendant Wetmore are that:

- "District Attorney Wetmore has authority to administer, enforce, and prosecute New York's laws' criminal provisions, including the civil rights law. *See* N.Y. County Law § 700; N.Y. Exec. Law § 299; N.Y. Civ. Rts. Law § 40-d;"[1]

- "District Attorney Wetmore also has authority to criminally prosecute public accommodations who violate a Division order. *See* N.Y. County Law § 700;"[2]

- "District Attorney Wetmore also has authority to criminally prosecute any person who violates the civil rights law. *See* N.Y. County Law § 700;"[3] and,

- "District Attorney Wetmore may commence a criminal action against a person under the civil rights law without notifying Attorney General James."[4]

However, as indicated below, it appears that District Attorney Wetmore cannot file a discrimination action against the plaintiffs using these laws under any of the scenarios contemplated by the Verified Complaint.

## County Law § 700

The first law cited by plaintiffs with respect to Defendant Wetmore, is N.Y. County Law § 700, which provides (in part) that: "… it shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed."

Respectfully, for the reasons set forth in the two sections below, regarding the provisions of Executive Law and /or Civil Rights laws as cited by the plaintiffs, none of the possible

---

[1] See "Verified Complaint" at para. 17
[2] See "Verified Complaint" at para. 217
[3] See "Verified Complaint" at para. 226
[4] See "Verified Complaint" at para. 227

scenarios as presented in the Complaint are "... crimes and offenses cognizable by the courts of the county..." [see, N.Y. County Law § 700] that would be prosecuted by the District Attorney of Chemung County.

### New York State's Human Rights Laws

The plaintiffs confirm that the complaint as to Humans Rights Laws "... refers to New York State's Human Rights Law (N.Y. Exec. Law §§ 290-301) ..."[5] A review of those provisions confirms that initial complaints alleging discrimination pursuant to New York Executive Law §§ 290 through 301[6] can only be filed with: the Commissioner of Labor, the Attorney General, the Chairman of the Commission on Quality of Care for the Mentally Disabled, or the Division of Human Rights. See New York Executive Law §297, sub 1. A local district attorney is not contemplated as a party who has jurisdiction to entertain an action under this provision of law.

Plaintiffs explicitly cite with respect to Defendant Wetmore, "N.Y. Exec. Law§ 299" as being applicable.[7] However, that provision entitled "Penal Provision", could only give jurisdiction to a local district attorney under limited circumstances, as provided:

> Any person, employer, labor organization or employment agency, who or which shall willfully resist, prevent, impede or interfere with the division or any of its employees or representatives in the performance of duty under this article, or shall willfully violate an order of the division or commissioner, shall be guilty of a misdemeanor and be punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both; but procedure for the review of the order shall not be deemed to be such willful conduct. [N.Y. Exec. Law§ 299].

This provision could theoretically allow Defendant Wetmore to initiate a prosecution if plaintiffs were accused of resisting, preventing, impeding or interfering with employees from the

---

[5] See "Verified Complaint" at footnote one on page 3
[6] See "Verified Complaint" at footnote one on page 3
[7] See "Verified Complaint" at para. 17

Human Rights Division, and /or if the plaintiffs were in noncompliance with an existing enforcement order from the State Human Rights Board (N.Y. Exec. Law§ 299; See also, People v. Hvizd 70 Misc.2d 654, 656 (County Court, Westchester County, 1972). This provision does not, however, provide any avenue for a district attorney to prosecute related provisions of the Executive Law generally with respect to alleged Civil Rights violations.

There is no existing "order" from the Division of Human Rights, or the Labor Commissioner, etc., alleged to be in existence (or otherwise known to this defendant) which could trigger any action by the district attorney against the plaintiffs in this case as provided for under N.Y. Exec. Law§ 299. Moreover, going through the list of possible scenarios suggested by plaintiffs in the Complaint, there is no suggestion that plaintiffs intend to "… willfully resist, prevent, impede or interfere with the division or any of its employees or representatives in the performance of duty…" such as to trigger any action by the district attorney in this case under N.Y. Exec. Law§ 299.

Accordingly, the limited circumstances in which the district attorney could prosecute under N.Y. Exec. Law§ 299 are not alleged in the Verified Complaint, and otherwise, New York Executive Law §§ 290 through 301 are not statutes that are cognizable by the courts of the County of Chemung, because they are by statute initiated in other forums.

Where the potential claims made by plaintiffs could not cause any action by the district attorney under the Executive Law in the local county court, the Verified Complaint fails to state a cause of action against Defendant Wetmore, in this regard.

## New York State's Civil Rights Laws

The plaintiffs confirm that the Complaint in this regard refers to "…New York State's Civil Rights Law (N.Y. Civ. Rts. Law §§ 40-c-40-d)…"[8] However, like the above argument, plaintiffs' suggestion of possible prosecution by the District Attorney for violation of Civil Rights Laws §§ 40-c through 40-d[9] are similarly misplaced, where nothing in those sections of law authorizes prosecution by a district attorney for the sort of conduct described in the Complaint absent other circumstances. In addition, existing case law demonstrates that local district attorneys in New York only prosecute Civil Rights Law violations if they are accompanied by other violations of the Penal Law.

When the provisions of Civil Rights Law §§ 40–c & 40–d were adopted by the legislature in 1960, "…it did not contemplate the creation of a new class of *criminal* offenses based upon bias related incidents." See, People v. Fuller, 155 Misc.2d 812, 815 (Crim. Ct., Kings Cnty., 1992) [emphasis in original text]. There are no reported examples of a local district attorney prosecuting a charge solely under the Civil Rights Law. A thorough review of all the reported cases in New York State prosecuted by a local district attorney which includes the cited provisions of Civil Rights law raised by the Plaintiffs, were all prosecutions involving traditional crimes enumerated under the Penal Law, such as: Assault in Third Degree, Aggravated Harassment in Second Degree, and Menacing (People v. Valenti, 139 Misc.2d 254 (Criminal Court, City of New York, Kings County, April 26, 1988); Assault, Harassment, and Disruption or Disturbance of a Religious Service or Funeral (People v. Morrisey, 161 Misc.2d 295 (Criminal Court, City of NY, NY County, Part AP 9, March 15, 1994); Attempted Aggravated Disorderly Conduct (People v. McDaniel, 172 Misc.2d 854 (Sup.Ct., Appellate Term, New

---

[8] See "Verified Complaint" at footnote one on page 3
[9] See "Verified Complaint" at footnote one on page 3

York, First Department, March 26, 1997); Aggravated Harassment in the Second Degree (People v. Dieppa, 158 Misc.2d 584 (Sp. Ct., Criminal Term, New York, Kings County, Part 16, June 25, 1993; People v. Fuller, *supra*; and, People v. Livio, 187 Misc.2d 302 (District Court, Nassau County, New York., First District, December 22, 2000); Aggravated Harassment (People v. Miccio, 155 Misc.2d 697 (Criminal Court, City of New York, Kings County, Part BTP 1, October 20, 1992; and, People v. Mulqueen, 155 Misc.2d 632 (District Court, Nassau County, New York, First District, Criminal Part, September 10, 1992); and, Riot in the Second Degree (People v. Bollander, 147 Misc.2d 897 (Sup.Ct., Queens County, New York, Criminal Term, Part K 2, June 6, 1990). There are also cases where the listed civil rights laws were raised based on other alleged defects in a prosecution (such as, alleged discriminatory equal protection arguments involving police procedures and Spanish speaking defendants, as in People v. Garcia-Cepero, 22 Misc.3d 490 (Sup. Ct., Bronx Cnty., 2008); and People v. Molina, 25 Misc.3d 362 (Sup. Ct., Bronx Cnty., 2009).

However, there are no prosecutions by a local district attorney solely for an alleged violation of Civil Rights Law §§ 40–c or 40–d. This is because the codification of those laws did not contemplate the creation of a new class of criminal offenses based upon bias related incidents. People v. Fuller, *supra*. As noted above, the Fuller case included a claim of Aggravated Harassment in the Second Degree, a traditional Penal Law violation.

None of the scenarios in plaintiffs' Complaint suggest that she intends to commit an assault (People v. Valenti, *supra*), or disrupt a religious service or funeral (People v. Morrisey, *supra*); or engage in aggravated disorderly conduct or harassment (People v. McDaniel, *supra*; People v. Dieppa, *supra*; People v. Miccio, *supra*); or engage in a riot (People v. Bollander, *supra*). Respectfully, if any of plaintiffs' future actions included one of these other crimes,

several of these cases suggest that the District Attorney would be free to prosecute and achieve a conviction against the plaintiffs, regardless of their alleged First Amendment Rights. See, e.g., People v. McDaniel, *supra* at 301, "… the Court has held that an individual may not exercise claimed First Amendment rights at any place or at any time." [citations omitted]. Accordingly, given the reality that a local district attorney only prosecutes Civil Rights Law cases when they occur alongside a traditional Penal Law violation, the Court should not take any steps that would prevent the district attorney from taking action against the plaintiffs in the event that her protests of the various New York Laws evolve into other transgressions of the law, such as Disorderly Conduct or Harassment, or the aforementioned resisting, preventing, impeding or interfering with any lawful performance of duty by the Division of Human Rights or any of its employees or representatives [N.Y. Exec. Law§ 299].

As alleged in the Complaint, there is no foreseen controversy that would bring the plaintiffs to the attention of the District Attorney.

It can be seen that cases alleging violations of the Civil Rights Laws of New York that *do not* include other penal law charges, are not prosecuted by a local District Attorney, but are prosecuted by the Attorney General's office. See, e.g., People of State of New York ex rel. Spitzer v. Kraeger, 160 F.Supp.2d 360 (United States District Court, N.D. New York, August 24, 2001) [prohibiting defendants from obstructing access to reproductive health care facilities and threatening patients and staff]; People by Vacco v. Mid Hudson Medical Group, P.C., 877 F.Supp. 143 (United States District Court, S.D. New York, February 6, 1995) [discrimination against people with hearing impairments in failure to provide sign language interpreters at medical examinations]; People by Abrams v. Terry, 45 F.3d 17 (United States Court of Appeals, Second Circuit, January 5, 1995) [defendant conspiracy motivated by a class-based animus to

deprive women of rights secured by both the Constitution and New York state law]; or <u>People by Abrams v. Hamilton</u>, 125 A.D.2d 1000 (Sup.Ct., Appellate Division, Fourth Department, New York, December 19, 1986) [sex discrimination regarding administering polygraph test].

As can be seen by the law, it is not a local district attorney's job to enforce Civil Rights Law generally; rather, "It is the attorney general's responsibility to enforce a wide range of civil rights in addition to those that affect individuals." <u>People v. Fuller</u>, *supra* at 816. It is the attorney general who has the authority to bring a proceeding pursuant to Executive Law, and the power to seek penalties to be paid the aggrieved parties pursuant to Civil Rights Law § 40-d. <u>People by Abrams v. Hamilton</u>, *supra* at 1001-1002.

Accordingly, Plaintiffs' suggestion of possible prosecution by the District Attorney for violation of Civil Rights Laws are misguided and fail to state a cause of action.

### "District Attorney Wetmore may commence a criminal action against a person under the civil rights law without notifying Attorney General James."[10]

It would appear by reading a limited part of the above referenced <u>Fuller</u> case, that a district attorney could commence a prosecution for a Civil Rights Violation without notifying the attorney general. See, <u>Fuller</u>, *supra* at 818. However, as previously mentioned, the <u>Fuller</u> case does not solely regard a Civil Rights claim, but also includes a claim of Aggravated Harassment in the Second Degree. Like <u>Fuller</u>, and as outlined above, there are no reported cases of any district attorney's actions solely regarding a violation of the Civil Rights Law. Moreover, the <u>Fuller</u> case undertakes a review of the legislative history of the State's Civil Rights Laws, confirming that "When this provision was adopted by the legislature in 1960, it did not contemplate the creation of a new class of *criminal* offenses based upon bias related incidents." <u>Id.</u> at 815.

---

[10] See "Verified Complaint" at para. 227

Respectfully, the cited provisions of the Civil Right Laws[11] are not "… crimes and offenses cognizable by the courts of the county…" [see, N.Y. County Law § 700], absent another violation of the penal law as shown above. Therefore, the plaintiffs' suggestion of possible prosecution by the District Attorney of any Civil Rights Violation as suggested in the complaint are hyperbole.

### Dismissal of Complaint as against the Chemung County District Attorney for Failure to State a Cause of Action

The above arguments are adopted and re-incorporated herein. If it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim. See, Sarmiento v. Texas Bd. of Veterinary Medical Examiners By and Through Avery, 939 F.2d 1242, 1245 (United States Court of Appeals, Fifth Circuit, August 28, 1991), citing Bell v. Hood, 372 U.S. 678 (1946).

"To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with 'notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." Vanterpool v. Cuccinelli, 998 F.Supp.2d 451, 457 (United States District Court, E.D. Virginia, Richmond Division, February 7, 2014), citing Twombly, *supra* at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss. Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (United States Court of Appeals, Second Circuit, September 25, 2006) (citations omitted).

The plaintiffs have concluded that the Chemung County District Attorney has the authority to prosecute them by virtue of, *inter alia*, N.Y. County Law § 700, N.Y. Exec. Law §

---

[11] See "Verified Complaint" at footnote one on page 3

299, or N.Y. Civ. Rts. Law § 40-d;"[12] However, under the possible scenarios presented within the complaint as compared to the existing laws and cases, the District Attorney would not be the party bringing an action against the plaintiffs, absent either: (1) some further criminal wrongdoing beyond that which is described in the complaint; (2) allegations of plaintiffs resisting, preventing, impeding or interfering with employees from the Human Rights Division; and /or, (3) allegations of the plaintiffs being in noncompliance with an existing enforcement order from the State Human Rights Board.

None of these facts are suggested in the scenarios suggested in the Complaint. The alleged possibility of a prosecution by the Chemung County District Attorney based on the Complaint are speculative, implausible, and rife with conclusory allegations or legal conclusions masquerading as factual conclusions inasmuch as they seek to state a claim as against the Chemung County District Attorney. Accordingly, the action as drafted fails to state a plausible claim against the Chemung County District Attorney. Therefore, the action should be dismissed against Defendant Wetmore.

### Dismissal of Complaint as against the Chemung County District Attorney for lack of Subject Matter Jurisdiction

The above arguments are adopted and re-incorporated herein as if fully pled. In the alternative to the argument that the Complaint fails to state a cause of action as to Defendant Wetmore, it is also stated that there is a lack of subject matter jurisdiction as to this defendant, because any dispute involving this moving defendant is not ripe for adjudication [See: FRCP 12(b)(1)].

It is noteworthy that no action against plaintiffs has been filed by the Chemung County District Attorney's Office, and no such allegation exists anywhere in the Complaint. Moreover,

---

[12] See "Verified Complaint" at para. 17

upon information and belief as per a review with our client, there are no active or pending investigations, claims, nor any other legal action with respect to the plaintiffs.

In the unnumbered "introduction" to the complaint, plaintiffs complain of the *possibility* of paying: "limitless damages and a $100,000 fine"; the *possibility* of having to "create artwork against her beliefs via court order"; the *possibility* of having their business license revoked; and /or the *possibility* of going to jail for up to a year, if these laws were in the future to *possibly* be prosecuted against plaintiffs. However, as stated above, the laws cited by the plaintiffs would not be prosecuted by the District Attorney, absent some further criminal wrongdoing beyond that which is described in the complaint, or allegations of Plaintiffs resisting, preventing, impeding or interfering with employees from the Human Rights Division, and /or, allegations of the plaintiffs being in noncompliance with an existing enforcement order from the State Human Rights Board. As such, there is no actual controversy between plaintiffs and the Chemung County District Attorney's office.

Federal courts may adjudicate only those "real and substantial controvers [ies] admitting of specific relief ... as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971); See also, Auerbach v. Board of Educ. of the Harborfields Cent. School Dist. of Greenlawn, 136 F.3d 104, 108 (United States Court of Appeals, Second Circuit, January 12, 1998). "When the events alleged in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist…" Auerbach v. Board of Educ. of the Harborfields Cent. School Dist. of Greenlawn, *supra* at 108-109, citing Cargill, Inc. v.

Charles Kowsky Resources, Inc., 949 F.2d 51, 56 (United States Court of Appeals, Second Circuit, November 13, 1991).

Ripeness is jurisdictional in nature and therefore properly considered on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules. King's Gym Complex, Inc. v. Philadelphia Indem. Ins. Co., 433 F.Supp.2d 256, 260 (United States District Court, N.D. New York, June 16, 2006), citing Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp.2d 293, 294 (S.D.N.Y. 2003).

Accordingly, in the alternative to the argument that the Complaint as drafted fails to state a plausible claim against the Chemung County District Attorney, it is also submitted that the *possible* events alleged in the complaint, being some *possible* action by the Chemung County District Attorney, are not a real case or controversy, and/or do not exist, and *would not occur in the future*, absent other factors – such as: (1) some further criminal wrongdoing by plaintiffs beyond that which is described in the complaint; (2) allegations of plaintiffs resisting, preventing, impeding or interfering with employees from the Human Rights Division; and /or, (3) allegations of the plaintiffs being in noncompliance with an existing enforcement order from the State Human Rights Board.

Since these are hypothetical facts, the action should be dismissed against Defendant Wetmore for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### If Dismissal is granted, Request to Strike Portions of Pleadings referring to the Chemung County District Attorney

If the motion to dismiss as requested herein is granted, Defendant Wetmore further requests that the court strike all references in the pleadings with respect to Weeden Wetmore, in his Official capacity as District Attorney of Chemung County. [See: FRCP 12(b)(f)].

### If Dismissal is not granted, a demand for a more definitive pleading is requested as well as a request for Defendant's Time to Respond be extended accordingly

The above arguments are adopted and re-incorporated herein as if fully pled. In short, it is submitted that the possible scenarios presented within the complaint do not make out a cognizable action by plaintiffs with respect to the Chemung County District Attorney. The facts as suggested do not present "… crimes and offenses cognizable by the courts of the county…" [see, N.Y. County Law § 700].

Therefore, if for any reason this matter is not dismissed as to Defendant Wetmore, then in the alternative, said defendant makes a motion demanding a more definite statement or pleading, demonstrating how the Chemung County District Attorney could be in controversy with the plaintiff. This request is made based on the defects and vague and or ambiguous references to possible actions by the Chemung County District Attorney as alleged within the pleadings, as are explained herein. The District Attorney, respectfully, would not bring an action against the plaintiffs under the circumstances as described, absent either some further criminal wrongdoing by plaintiffs beyond that which is described in the complaint; allegations of Plaintiffs resisting, preventing, impeding or interfering with employees from the Human Rights Division; and /or, allegations of the plaintiffs being in noncompliance with an existing enforcement order from the State Human Rights Board. It is submitted that under the possible circumstances as drafted in the Complaint, respectfully, the Chemung County District Attorney would be unable to reasonably prepare a response without a more definite statement or pleading. [See: FRCP 12(b)(e)].

Assuming this request is granted, Defendant Wetmore requests extending his time to answer the complaint to 14 days after the more definite statement is served, or if this request is denied, that the court allow Defendant Wetmore's responsive pleading to be served 14 days after the denial of this motion, if appropriate [See: FRCP 12(a)(4)].

### Arguments Regarding the Constitutionality of the Underlying Laws are Reserved

In making this motion, Defendant Wetmore is at this time making no statement regarding the underlying validity of the statutes in question. It is noted that a strong presumption exists for the constitutional validity of a statute. See, People v. Hvizd, *supra* at 657, citing People v. Finkelstein, 9 N.Y.2d 342 (1961). The Defendant moving hereby reserves his rights to make further arguments in support of the statutes questioned by this lawsuit if the instant motion to dismiss is not granted in full.

### Opposing Preliminary Injunction

The above arguments are adopted and re-incorporated herein as if fully pled. If this matter is not dismissed as to the Chemung County District Attorney, then the District Attorney opposes the plaintiffs' preliminary injunction request.

The plaintiffs' preliminary injunction motion seeks to prevent the defendants, including Wetmore, from allegedly "violating the First Amendment of the United States Constitution" by enjoining the defendants from enforcing: New York Executive Law § 269.2(a) and New York Civil Rights Law § 40-c(2), for various reasons cited.

While the preliminary injunction motion and its Memorandum in Support set forth allegations as to why they believe these laws infringe on their First Amendments rights, the same lack plausible arguments as to how Defendant Wetmore is, or potentially could be, a participant in any such infringement under the law.

In instances where a plaintiff alleges injury from a rule or regulation that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights. To meet this standard, a party must articulate a specific

present objective harm or a threat of specific future harm; a "conjectural chill," such as when a person theoretically might not speak due to a regulation, is not sufficient to establish real and imminent irreparable harm. CompassCare v. Cuomo, 465 F.Supp.3d 122, 143 (United States District Court, N.D. New York, June 5, 2020) [internal citations omitted].

For the reasons stated herein, the possible prosecution by the Chemung County District Attorney is not real or imminent under the facts recited in the Complaint.

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter." Distribution Sys. Of Am., Inc. v. Vill. Of Old Westbury, 785 F.Supp.347, 352 (E.D.N.Y. 1992), quoting JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2nd Cir. 1990). The mere possibility of harm is insufficient to justify granting a preliminary injunction. See, e.g., Borey v. Nat'l Union Fire Co., 934 F.2d 30, 34 (2d Cir. 1991); Distribution Sys. Of Am., Inc., supra at 352; Costello v. McEnery, 767 F.Supp 72, 76 (S.D.N.Y. 1991). A motion for a preliminary injunction is properly denied where "the plaintiff made only conclusory allegations and failed to point to any imminent and non-speculative harm that would befall it in the absence of a preliminary injunction." Family-Friendly Media, Inc. v. Recorder Tel. Network, 74 A.D.3d 738, 739-40 (2nd Dept., 2010).

In addition to the above, Plaintiffs' Declaration in Support of Preliminary Injunction states that she started wedding photography services as far back as 2012, and started her current company in 2019.[13] She does not sufficiently explain why she waited until 2021 to seek this preliminary injunction. "[T]he failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury[.] … [If not] explainable, delay alone may justify denial of a preliminary

---

[13] Declaration of Emilee Carpenter in Support of Plaintiffs' Preliminary Injunction Motion at paras. 28, 37, et.al.

injunction." See, Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995); see also Monowise Limited Corp. v. Ozy Media, Inc., No. 17-CV-8028, 2018 WL 2089342, at 1 (S.D. N.Y. May 3, 2018). Accordingly, if for no other reason, this Court may deny the preliminary injunction request based on delay alone.

## Conclusion

For the reasons stated herein, Defendant Weeden Wetmore, who is being sued in his official capacity as Chemung County District Attorney, requests an Order granting:

- A Dismissal of the complaint for failure to state a claim upon which relief can be granted [See: FRCP 12(b)(6), 12(h)(2)(B)] and /or;
- A Dismissal for lack of subject matter jurisdiction as to this defendant, because any dispute involving Weeden Wetmore is not ripe for adjudication [See: FRCP 12(b)(1)];
- Requesting the Court to strike all references in the pleadings with respect to Weeden Wetmore if the dismissal motion is granted [See: FRCP 12(b)(f)];
- If the motions to dismiss are not granted, in the alternative, a request for a more definite statement or pleading, [See: FRCP 12(b)(e)];
- Extending the time to answer, either within 14 days after the more definite statement is served or as otherwise ordered [See: FRCP 12(a)(4)]; and
- Seeking a Denial of the request for a preliminary injunction as to Weeden Wetmore.

Dated: Elmira, New York
June 16, 2021

CHEMUNG COUNTY LAW DEPARTMENT

_____
M. Hyder Hussain, Esq.
By: Jeffrey Walker
Attorneys for Petitioners-Plaintiffs
203 Lake Street
Elmira, NY 14902
(607) 737-2982
jwalker@chemungcountyny.gov