UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMILEE CARPENTER, LLC d/b/a EMILEE
CARPENTER PHOTOGRAPHY, and
EMILEE CARPENTER,

       *Plaintiffs*,

 v.

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York, *et al.*,

       *Defendants*.

Case No. 6:21-CV-06303-FPG

**AFFIRMATION OF GABRIELLA LARIOS IN SUPPORT OF MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE***

I, Gabriella Larios, a member of the New York bar and of the bar of this Court, affirm under penalty of perjury as follows:

1. I am an attorney employed at the New York Civil Liberties Union ("NYCLU"), and I submit this affirmation in support of the NYCLU and American Civil Liberties Union's ("ACLU") (together "*Amici*") motion for leave to appear as *amici curiae* in the above-captioned case, in which Plaintiffs seek a constitutional right to operate a business open to the public that denies equal service to same-sex couples, in violation of the antidiscrimination provisions of New York's Human Rights Law, N.Y. Exec. Law § 296.2(a), and Civil Rights Law, N.Y. Civ. Rights Law § 40-c (together, "the Antidiscrimination Laws" or "the Laws").

2. The ACLU is a nationwide, nonpartisan organization with nearly two million members dedicated to defending the principles of liberty and equality embodied in the

1

Constitution. NYCLU—the ACLU's state affiliate in New York—has a long history of advocating for the civil rights and civil liberties of New Yorkers in both state and federal courts across the state. As organizations that advocate for First Amendment liberties as well as equal rights for lesbian, gay, bisexual, transgender, and queer ("LGBTQ") people, *Amici* and their members have a strong interest in the application of proper standards when evaluating constitutional challenges to civil rights laws.

3. The NYCLU has appeared as either counsel-of-record or *amicus curiae* in numerous cases related to these issues in New York state court, the U.S. Supreme Court, the Second Circuit, and in this district. *See e.g.*, *United States v. Windsor*, 570 U.S. 744 (2013) (counsel of record); *Gifford v. McCarthy*, 23 N.Y.S.3d 422 (N.Y. App. Div. 2016) (counsel of record); *Elliot v. Buffalo City Sch. Dist.*, No. 1:17-CV-397-WKS, 2018 WL 1726535 (W.D.N.Y. Apr. 10, 2018) (counsel of record); *Weisberger v. Weisberger*, 154 A.D.3d 41 (N.Y. App. Div. 2017) (*amicus*); *Engel v. Vitale*, 370 U.S. 421 (1962) (counsel of record); *Raza v. City of New York*, 998 F. Supp. 2d 70 (E.D.N.Y. 2013) (counsel of record); *Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223 (S.D.N.Y. 2005) (counsel of record); *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 750 F.3d 184 (2d Cir. 2014) (*amicus*).

4. The ACLU likewise has appeared as either counsel-of-record or *amicus curiae* in a number of cases in which businesses providing wedding-related services challenge public accommodations on First Amendment grounds. *See e.g.*, *Masterpiece Cakeshop, Ltd. v. Colo. C.R. Comm'n*, 138 S. Ct. 1719 (2018) (counsel of record); *Washington v. Arlene's Flowers, Inc.*, 441 P.3d 1203 (Wash. 2019) (petition for cert. filed) (counsel of record); *Telescope Media Group v. Lucero*, 936 F.3d 740, 769 (8th Cir. 2019) (*amicus*); *303*

*Creative LLC v. Elenis*, No. 16-cv-2372, 2017 WL 4331065 (D. Colo. 2017), *appeal docketed*, No. 19-1413 (10th Cir. Oct. 28, 2019) (*amicus*); *Chelsey Nelson Photography LLC v. Louisville/Jefferson City Metro Government*, No. 19-cv-851, 2020 WL 4745771 (W.D. Ky. Aug. 14, 2020) (*amicus*); *Updegrove v. Herring*, No. 20-cv-1141, slip op. (E.D. Va. March 30, 2021), *appeal docketed*, No. 21-1506 (4th Cir. Apr. 30, 2021) (*amicus*); *Brush & Nib Studio, LC v. City of Phoenix*, 448 P.3d 890, 938–39 (Ariz. 2019) (*amicus*); *Elane Photography, LLC v. Willock*, 309 P.3d 53, 62 (N.M. 2013) (*amicus*).

5. As *Amici* explain in the brief that accompanies this affirmation, *see* **Exhibit A**, New York is permitted to prohibit discrimination in public accommodations through neutral laws, like the Antidiscrimination Laws, that regulate conduct and have only an incidental effect on expression. Plaintiffs' free exercise claim fails for the same reasons as its free speech claim, as the Antidiscrimination Laws are valid, facially neutral, and generally applicable regulations. Further, New York has a compelling interest in ending invidious discrimination and such laws are narrowly tailored to protect individuals from being unjustly turned away and barred from participation in the marketplace. Since this Court is now called upon to determine whether to grant Plaintiffs a preliminary injunction exempting them from the Antidiscrimination Laws, the NYCLU and ACLU submit this proposed *amici curiae* brief to describe the shortcomings in recent case law by courts considering similar requests, particularly as the Supreme Court has never accepted arguments by businesses open to the public that the First Amendment allows them to avoid complying with antidiscrimination laws—even when they offer expressive services.

6. The NYCLU and ACLU have informed the parties of their intent to file this motion, and the parties consent.

Dated: June 23, 2021  
      New York, NY

Respectfully Submitted,

*/s/ Gabriella Larios*
GABRIELLA LARIOS
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3317
Fax: (212) 607-3318
glarios@nyclu.org

4