

August 24, 2021

Hon. Frank P. Geraci, Jr.
Chief United States District Judge
Western District of New York
U.S. Courthouse
100 State Street
Rochester, NY 14614

    Re:   ***Emilee Carpenter, LLC, et al. v. Letitia James, et al.***
             **Docket No. 21-CV-6303-FPG**
             **Supplemental Authority**

Dear Judge Geraci:

      I write to respond to Defendants' notice of supplemental authority about *303 Creative LLC v. Elenis*, No. 19-1413, 2021 WL 3157635 (10th Cir. July 26, 2021). This case supports Plaintiff Emilee Carpenter's arguments for three reasons.

      First, *303 Creative* held that a website designer could challenge Colorado's public-accommodations law because it arguably covered and credibly threatened her, requiring her to create websites celebrating same-sex weddings. *Id.* at *4. Here, New York's similar laws also arguably cover and threaten Emilee's desired expression. *See* Mem. of Law in Support of Pls.' Prelim. Inj. Mot. ("MPI") 15-19, ECF No. 3-1.

      Second, the Tenth Circuit found that Colorado's law compelled and restricted the designer's speech based on content and therefore deserved strict scrutiny. *303 Creative,* 2021 WL 3157635, at *7-8. The same is true here where New York's laws simultaneously compel and restrict Emilee's expression based on its content and viewpoint. MPI 15-19.

      Third, the Tenth Circuit found that the website designer's speech could be regulated under strict scrutiny because her firm had created a monopoly. *Id.* at *10-11. But here, many other New York photographers can photograph same-sex weddings. *See* App. in Support of Pls. Prelim. Inj. Mot. 264-66, ECF No. 3-7. This presence of "other competing" speakers means Emilee has not created a monopoly and her speech cannot be compelled. *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 656 (1994) (defining monopoly this way for First Amendment purposes); *Hurley*

*v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 577-78 (1995) (concluding that unique expression "without more, would fall far short of supporting a claim that petitioners enjoy an abiding monopoly of access to spectators."). In fact, the government cannot even regulate monopolies' speech in content or viewpoint-based ways, as New York tries to do to Emilee here. *See Pac. Gas & Elec. Co. v. Pub. Utilities Comm'n of California*, 475 U.S. 1, 20 (1986) (monopoly justification insufficient when applied to utility company); *Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 247-57 (1974) (same for newspaper).

Respectfully submitted,

*/s/ Jonathan A. Scruggs*
Jonathan A. Scruggs, Esq.
ALLIANCE DEFENDING FREEDOM
*Counsel for Plaintiff-Appellants*

cc: All Counsel of Record via
the CM/ECF System