

August 24, 2021

Hon. Frank P. Geraci, Jr.
Chief United States District Judge
Western District of New York
U.S. Courthouse
100 State Street
Rochester, NY 14614

    Re:    ***Emilee Carpenter, LLC, et al. v. Letitia James, et al.***
             **Docket No. 21-CV-6303-FPG**
             **Supplemental Authority**

Dear Judge Geraci:

      I write to notify the Court about supplemental authority relevant for Plaintiffs' pending motion for preliminary injunction and Defendants' pending motion to dismiss.

      On July 28, 2021, the Eleventh Circuit upheld Amazon's First Amendment defense against an effort to apply the federal public-accommodations law (42 U.S.C. § 2000a(a) or Title II) to force Amazon to donate to certain charities through its AmazonSmile program. *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, No. 19-14125, 2021 WL 3184962, *6 (11th Cir. July 28, 2021). This case supports Plaintiff Emilee Carpenter's arguments for two reasons.

      First, the court upheld Amazon's First Amendment defense even though Title II is a generally applicable anti-discrimination law that typically regulates conduct. Invoking the Supreme Court's decision in *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557 (1995), the Eleventh Circuit reasoned that Amazon's choice of which charities to fund is expressive and that applying Title II to compel those funding choices would "modify Amazon's 'speech itself.'" *Coral Ridge*, 2021 WL 3184962, at *6. Likewise, applying New York's public-accommodation laws to Emilee's photographs and blogs would apply those laws to "speech itself," modify the content of that expression, and infringe Emilee's editorial freedom. *See* Mem. of Law in Support of Pls.' Prelim. Inj. Mot. ("MPI") 6-8, ECF No. 3-1.

Second, the Eleventh Circuit found that applying Title II to modify Amazon's expression would not further the state's interest of "securing for all citizens the full enjoyment of facilities described in the Act which are open to the general public." *Coral Ridge*, 2021 WL 3184962, at \*6 (cleaned-up). Likewise, applying New York's laws to alter Emilee's photographs and blogs does not satisfy strict scrutiny or further New York's alleged equal-access interests. MPI 6-8.

In sum, the Eleventh Circuit's decision squarely supports Emilee Carpenter's First Amendment right to editorial freedom that is threatened by New York's public-accommodation laws.

Respectfully submitted,

*/s/ Jonathan A. Scruggs*
Jonathan A. Scruggs, Esq.
ALLIANCE DEFENDING FREEDOM
*Counsel for Plaintiff-Appellants*

cc: All Counsel of Record via
 the CM/ECF System