

August 31, 2021

Hon. Frank P. Geraci, Jr.
United States District Judge
Western District of New York
U.S. Courthouse
100 State Street
Rochester, NY 14614

    Re:   *Emilee Carpenter, LLC, et al. v. Letitia James, et al.*
            Docket No. 21-CV-6303-FPG
            **Supplemental Authority**

Dear Judge Geraci:

       I write to alert the court to an amicus brief recently signed by Defendant Attorney General James on New York's behalf in a Fourth Circuit case. *See* Brief for Massachusetts, et al. as Amici Curiae in Support of Defendants-Appellees, *Updegrove v. Herring*, No. 21-1506 (4th Cir. August 27, 2021) ("Amicus Br."). This amicus brief is relevant for this Court's standing analysis.

       Like Emilee Carpenter's case, *Updegrove v. Herring* involves a photographer challenging a state public-accommodations law that forces him to offer and create photographs conveying messages celebrating same-sex marriage. *Updegrove v. Herring*, No. 1:20-cv-1141, 2021 WL 1206805 (E.D. Va. March 30, 2021). On appeal, Virginia argued that it had "significant and compelling state interests" to apply its public-accommodations law to compel this photography. Brief for Appellees at 2, *Updegrove v. Herring*, No. 21-1506 (4th Cir. August 20, 2021).

       In support of that argument, New York in its amicus brief affirmed that states like it have a "sovereign and compelling interest" in applying their public-accommodations laws to force photographers to offer and create photographs celebrating same-sex weddings. Amicus Br. at 1, 19–26. According to New York, states cannot afford to exempt photography studios from public-accommodations laws because that would "fundamentally hamstring" these laws and "frustrate the law's very purpose." *Id.* at 22.

       As this amicus brief shows, New York continues to affirm that it has a compelling need to apply its public-accommodations laws to force creative

professionals like Emilee to create messages celebrating same-sex marriage. This position in turn underscores that Emilee faces a credible enforcement threat under New York's laws and has standing to challenge them. *See* Mem. of Law in Response to State Defendants' Motion to Dismiss, 3-11, ECF No. 57.

        Respectfully submitted,

        <u>*/s/ Jonathan A. Scruggs*</u>
        Jonathan A. Scruggs, Esq.
        ALLIANCE DEFENDING FREEDOM
        *Counsel for Plaintiff-Appellants*

cc: All Counsel of Record via
    the CM/ECF System